**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COWBOY SERVICES, LLC<br>7716 Depot Road, Unit 1<br>Lisbon, Ohio 44432<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN WASTE, INC.<br>c/o CT Corporation System, Registered Agent<br>40600 Ann Arbor Road East, Suite 201<br>Plymouth, Michigan 48170<br><br>Defendant. | Civil Action No. 2:26-cv-636<br><br>JUDGE ARTHUR J. SCHWAB<br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Plaintiff Cowboy Services, LLC ("Cowboy"), by and through its undersigned counsel, and for its Complaint against Defendant American Waste, Inc. ("American Waste"), avers and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Cowboy is a limited liability company organized under the laws of the State of Ohio. Cowboy has three members, all of whom are domiciled in the State of Ohio.

2. American Waste is a corporation organized under the laws of the State of Michigan, and it maintains its principal place of business in Kalkaska County, Michigan.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Cowboy and American Waste are citizens of different states, and the amount in controversy exceeds $75,000 based on the damages sought by Cowboy.

4. The Court may exercise personal jurisdiction over the parties, and venue is proper in this Court, pursuant to the Confidential Settlement Agreement ("Agreement") fully executed by

Cowboy, American, and other necessary parties as of July 7, 2025.[1] Section 11 of the Agreement provides:

> Exclusive Venue, Jurisdiction. Any disputes, actions or other proceedings relating to or arising out of this Settlement Agreement must be brought in a federal court located in the Western District of Pennsylvania. By execution of this Agreement, all of the Parties irrevocably waives any objection that they may now or hereafter have to the laying of venue in such court or to such court's exercise of personal jurisdiction over them for sole purposes of any disputes, actions, or other proceedings relating to the alleged breach of this Settlement Agreement.

5. Cowboy and American are former parties to the action styled *American Waste, Inc. v. Ashley Newman, et al.*, W.D. Pa. Case No. 2:25-cv-00291-AJS (the "Prior Action"). The Stipulation of Dismissal with Prejudice filed in the Prior Action on September 2, 2025, and executed by the Court on September 3, 2025, provides: "the Court shall retain jurisdiction of this action for the purpose of enforcing the settlement." (Prior Action, ECF Docs. #80, 81.)

## FACTUAL BACKGROUND

6. Cowboy and American Waste executed the Agreement to resolve the Prior Action.

7. Section 2 of the Agreement provided that, "[a]s a condition to and concurrent with the resolution of the [Prior Action], the Parties shall execute a Bill of Sale pursuant to which American Waste ES, LLC (an affiliate of American Waste) shall sell, assign and transfer to Cowboy (i) the equipment identified on Exhibit A" to the Agreement (the "Equipment"), "and (ii) all right, title and interest in and to the customer accounts associated with the Equipment for those services[.]" Section 2 further dictated that, "[t]he undersigned representative of American Waste represents and warrants that he/she has authority to sell and transfer the Equipment on behalf of American Waste ES, LLC."

[1] The Agreement contains a confidentiality provision and therefore is not included herewith. American Waste is in possession of a copy of the Agreement, and Cowboy can make a copy available to the Court upon request.

8. Section 4 of the Agreement provided that "[i]n consideration for the sale of the Equipment, the dismissal of the [Prior Action], and the mutual release of all claims, Cowboy shall pay to American Waste" a certain confidential sum. The sum was payable in two installments, due June 23, 2025 and July 21, 2025, respectively.

9. Section 10 of the Agreement provides that the Agreement is governed by the laws of the State of Pennsylvania.

10. Exhibit A to the Agreement identified the Equipment to be sold, assigned, and transferred by American Waste to Cowboy. Relevant here, the Equipment included, among other things: (i) three 2019 Ford F250 pickup trucks, identified as Alt. Unit Nos. 1298, 1299, and 1300; (ii) one pressure washer, identified as No. OE1992; (iii) one Acro vacuum tailer, identified as No. 605074; (iv) one 2004 Forest River angle steel boat trailer, identified as No. 604074; (v) one 2004 Cargo America utility box trailer, identified as No. 604073; (vi) one 2018 Quality Trailer, identified as No. 608062; and (vii) certain "Tanks and Rolloff Boxes", of which American Waste had approximately 40.

11. The Agreement was executed by Chief Operating Officer Edward Glavina on behalf of American Waste, and by Manager Andrew Blocksom on behalf of Cowboy on July 7, 2025.

12. Cowboy and American Waste ES, LLC subsequently executed the Bill of Sale, effective as of August 20, 2025.[2]

13. Pursuant to Section 1 of the Bill of Sale, American Waste ES, LLC agreed to sell, transfer, assign, and deliver to Cowboy the Purchased Assets listed on Schedule A to the Bill of

[2] Like the Agreement, the Bill of Sale contains a confidentiality provision and therefore is not included herewith. American Waste is in possession of a copy of the Bill of Sale, and Cowboy can make a copy available to the Court upon request.

Sale. Schedule A to the Bill of Sale is identical to, and identifies the same goods as, Exhibit A to the Agreement.

14. Section 7 of the Bill of Sale stated that the sale constituted an "As Is, Where Is" transaction. Pursuant to Section 7, the Purchased Assets were supposed to be provided to Cowboy "in their present environmental, financial, physical and other condition," without any modification, favorable or unfavorable, by American Waste.

15. Section 11 of the Bill of Sale provided for the delivery of the Purchased Assets and stated in its entirety:

> **Delivery of Assets.** The Purchased Assets are located at 117 Moonlite Drive, Smithfield Pennsylvania 15478 or at current customer sites being serviced by the Seller's Smithfield location. Seller represents that the Purchased Assets located at customer sites primarily consists of roll off containers or similar items. Seller will provide the names and addresses for such customers on the date of the Closing. Seller shall not be responsible for delivering physical possession of any Purchased Assets to Buyer. Seller shall make the Purchased Assets available for pickup by Buyer at reasonable times in the five business days following Closing, or as otherwise may be agreed by Buyer and Seller. Buyer shall have possession of and may from time to time, and at all times hereafter, peaceably and quietly have, hold, possess and enjoy the Purchased Assets transferred hereby for its own use and benefit, without hindrance, interruption, molestation, claim or demand whatsoever, of, from or by Seller or any person or persons whomsoever.

16. Pursuant to Section 15, the Bill of Sale is governed by the laws of the State of Pennsylvania.

17. The Bill of Sale was executed by Manager Andrew Blocksom on behalf of Cowboy and Chief Operating Officer Edward Glavina on behalf of American Waste ES, LLC.

18. Cowboy met its contractual obligations and paid to American Waste the full purchase price.

19. However, American Waste did not hold up its end of the bargain and has failed to make all Equipment available to Cowboy as required.

20. Specifically, while American Waste did provide pickup trucks Alt. Unit Nos. 1298, 1299, and 1300, American Waste altered the vehicles and removed the fuel cells from each truck, in violation of Section 7 of the Bill of Sale. Without the fuel cells, the trucks cannot be used to refuel equipment onsite while the equipment is operational, requiring Cowboy to either temporarily shut down operations to refuel or to bring an additional truck that can refuel equipment to the site, and negatively impacting Cowboy's productivity and revenue.

21. Further, American Waste provided pressure washer No. OE1992, boat trailer No. 604074, utility box trailer No. 604073, and quality trailer No. 608062, but it failed to provide any of the titles to Cowboy. Without the title, the vehicles—critical pieces of equipment—are non-operational.

22. Similarly, American Waste provided the Acro vacuum trailer No. 605074, but the vehicle has an outstanding lien attached owed by American Waste. Until the lien is paid, Cowboy cannot title and thereby cannot operate the vehicle, causing ongoing losses to Cowboy's productivity and revenue.

23. Most significantly, American Waste has withheld and failed to make available to Cowboy a significant number of the Tanks and Rolloff Boxes, as follows:

| **Box No.** | **Description** | **Replacement Value** |
|---|---|---|
| PA122 | 20 Yd Open Top | $8,645.60 |
| PA110 | 20 Yd Open Top | $8,645.60 |
| PA111 | 20 Yd Open Top | $8,645.60 |
| PA114 | 20 Yd Open Top | $8,645.60 |
| PA115 | 20 Yd Open Top | $8,645.60 |
| PA116 | 20 Yd Open Top | $8,645.60 |
| PA117 | 20 Yd Open Top | $8,645.60 |
| PA118 | 20 Yd Open Top | $8,645.60 |
| PA119 | 20 Yd Open Top | $8,645.60 |
| PA120 | 20 Yd Open Top | $8,645.60 |

| Box No. | Description | Replacement Value |
|---|---|---|
| PA122 | 20 Yd Open Top | $8,645.60 |
| PA123 | 20 Yd Open Top | $8,645.60 |
| PA124 | 20 Yd Open Top | $8,645.60 |
| PA126 | 30 Yd Open Top | $14,952.18 |
| PA128 | 30 Yd Open Top | $14,952.18 |
| PA129 | 30 Yd Open Top | $14,952.18 |
| PA130 | 30 Yd Open Top | $14,952.18 |
| PA 175 | 20 Yd Open Top | $8,645.60 |
| PA 190 | 20 Yd Open Top | $8,645.60 |
| PA 191 | 20 Yd Open Top | $8,645.60 |
| PA 192 | 20 Yd Open Top | $8,645.60 |
| PA 193 | 20 Yd Open Top | $8,645.60 |
| PA 194 | 20 Yd Open Top | $8,645.60 |
| PA 195 | 20 Yd Open Top | $8,645.60 |
| PA 196 | 20 Yd Open Top | $8,645.60 |
| PA 197 | 20 Yd Open Top | $8,645.60 |
| PA 198 | 20 Yd Open Top | $8,645.60 |
| PA 199 | 20 Yd Open Top | $8,645.60 |
| PA 200 | 20 Yd Open Top | $8,645.60 |
| PA 201 | 20 Yd Open Top | $8,645.60 |
| PA 202 | 20 Yd Open Top | $8,645.60 |
| PA 203 | 20 Yd Open Top | $8,645.60 |
| PA 204 | 20 Yd Open Top | $8,645.60 |
| PA 210 | 30 Yd Open Top | $14,952.18 |
| PA 211 | 30 Yd Open Top | $14,952.18 |
| PA 212 | 30 Yd Open Top | $14,952.18 |
| PA 213 | 30 Yd Open Top | $14,952.18 |
| PA 102 | Vacuum Box | $12,000.00 |
| PA 104 | Vacuum Box | $12,000.00 |
| PA 105 | Vacuum Box | $12,000.00 |
| PA 106 | Vacuum Box | $12,000.00 |
| PA 107 | Vacuum Box | $12,000.00 |
| PA 134 | Vacuum Box | $12,000.00 |
| PA 135 | Vacuum Box | $12,000.00 |
| PA 137 | Vacuum Box | $12,000.00 |
| PA 148 | Vacuum Box | $12,000.00 |
| PA 149 | Vacuum Box | $12,000.00 |
| PA 150 | Vacuum Box | $12,000.00 |
| PA 151 | Vacuum Box | $12,000.00 |
| PA 152 | Vacuum Box | $12,000.00 |

| Box No. | Description | Replacement Value |
|---|---|---|
| PA 153 | Vacuum Box | $12,000.00 |
| PA 156 | Vacuum Box | $12,000.00 |
| PA 162 | Vacuum Box | $12,000.00 |
| PA 163 | Vacuum Box | $12,000.00 |
| PA 164 | Vacuum Box | $12,000.00 |
| PA 172 | Vacuum Box | $12,000.00 |
| PA 174 | Vacuum Box | $12,000.00 |
| PA 177 | Vacuum Box | $12,000.00 |
| PA 180 | Vacuum Box | $12,000.00 |
| PA 181 | Vacuum Box | $12,000.00 |
| PA 182 | Vacuum Box | $12,000.00 |
| PA 183 | Vacuum Box | $12,000.00 |
| PA 184 | Vacuum Box | $12,000.00 |
| PA 186 | Vacuum Box | $12,000.00 |
| PA 188 – 143406 | Vacuum Box | $12,000.00 |
| PA 189 | Vacuum Box | $12,000.00 |
| PA 217 | Vacuum Box | $12,000.00 |
| PA 219 | Vacuum Box | $12,000.00 |
| PA 221 | Vacuum Box | $12,000.00 |
| PA 223 | Vacuum Box | $12,000.00 |
| PA 206 | Clam Shell | $15,375.90 |
| PA 207 | Clam Shell | $15,375.90 |
| PA 208 | Clam Shell | $15,375.90 |
| PA 227 | Clam Shell | $15,375.90 |
| PA 229 | Clam Shell | $15,375.90 |
| 20-044 | Vacuum Box | $12,000.00 |
| 20-045 | Vacuum Box | $12,000.00 |
| 20-046 | Vacuum Box | $12,000.00 |
| 20-047 | Vacuum Box | $12,000.00 |
| 20-048 | Vacuum Box | $12,000.00 |
| 20-049 | Vacuum Box | $12,000.00 |
| 202496 | Clam Shell (GRN) | $15,375.90 |
| 202497 | Clam Shell (GRN) | $15,375.90 |
| 202498 | Clam Shell (GRN) | $15,375.90 |
| 202499 | Clam Shell (GRN) | $15,375.90 |
| HS30101 | 30 Yard Open Top (GRN) | $14,952.18 |
| HS30104PA | 30 Yard Open Top (GRN) | $14,952.18 |

24. The total value of the 87 Tanks and Rolloff Boxes that American Waste was required, but failed, to provide to Cowboy, and which Cowboy would have to expend to replace the goods, is $1,006,627.30.

25. In addition to the 87 Tanks and Rolloff Boxes withheld outright by American Waste, American Waste agent and representative Matthew Baker further represented to Cowboy that an additional 12 Vacuum Boxes (Nos. PA 107, PA 134, PA 150, PA 156, PA 182, PA 188 – 143406, 20-044, 20-045, 20-046, 20-047, 20-048, and 20-049) and one Clam Shell (GRN, Box No. 202496) were full of waste and located at a carbon limestone landfill. Mr. Baker represented that all boxes would be provided to Cowboy once the waste was dumped.

26. However, Cowboy representatives have since visited the carbon limestone landfill and confirmed that American Waste dumped and removed the boxes, but still have not made them available to Cowboy.

27. Cowboy has made numerous demands that American Waste provide the goods and related items owed to Cowboy pursuant to the Agreement. However, American Waste has refused to comply.

28. Cowboy now brings this action so that American Waste will be required to honor its contractual obligations to Cowboy and provide to Cowboy the full benefit of the Agreement, for which American Waste has received full payment.

## COUNT ONE: BREACH OF CONTRACT

29. Cowboy incorporates the above Paragraphs as if fully rewritten herein.

30. Cowboy and American Waste were parties to the Agreement, a valid, binding and enforceable contract.

31. An essential term of the Agreement was that in exchange for Cowboy making full payment to American Waste, American Waste would sell, transfer, assign, and make available to Cowboy all items identified in Exhibit A to the Agreement and Schedule A to the Bill of Sale.

32. Cowboy satisfied its contractual obligations and timely made full payment to American Waste.

33. American Waste breached the duties imposed upon it by the Agreement by failing to transfer, assign, or make available to Cowboy all goods identified in Exhibit A to the Agreement and Schedule A to the Bill of Sale, including 100 total Tanks, Rolloff Boxes, and Clamshells; the titles to pressure washer No. OE1992, boat trailer No. 604074, utility box trailer No. 604073, and quality trailer No. 608062; vacuum trailer No. 605074 free and clear, and the fuel cells for three pickup trucks Alt. Unit Nos. 1298, 1299, and 1300.

34. As a direct and proximate result of American Waste's actions, Cowboy has been and will continue to be damaged. Cowboy has failed to receive the full benefit of its bargain, is unable to use eight vehicles which belong to Cowboy by virtue of the Agreement because American Waste has rendered them non-operational, and has not received 100 Tanks, Rolloff Boxes, and Clamshells worth over $1,006,627.30.

35. Cowboy is therefore entitled to all associated damages, in an amount to be fully determined at trial.

WHEREFORE, Cowboy demands judgment as follows:

A. That American Waste be ordered to provide to Cowboy all goods and related items contemplated by the Agreement;

B. That Cowboy be entitled to all damages owed under the Agreement arising from American Waste's breaches of the Agreement.

C. That Cowboy be awarded its costs, interests, and attorneys' fees; and

D. All such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phil Eckenrode
Phil Eckenrode (*pro hac vice forthcoming*)
Lyndsay M. Flagg (*pro hac vice forthcoming*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: peckenrode@beneschlaw.com
lflagg@beneschlaw.com

*Counsel for Plaintiff Cowboy Services, LLC*

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Phil Eckenrode
Phil Eckenrode (*pro hac vice forthcoming*)

*One of the Attorneys for Plaintiff*